IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TROY WILLIAMS,<br>    *Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | **CIVIL NO. 6-18-CV-00304-ADA** |
| AIRE SERV LLC, DWYER GROUP, INC.,<br>    *Defendants* | §<br>§<br>§<br>§ | |

## ORDER GRANTING AIRE SERV, LLC'S AMENDED MOTION FOR ATTORNEYS' FEES

Before the Court is Defendant Aire Serv, LLC's Amended Motion for Attorneys' Fees filed pursuant to Fed. R. Civ. P. 54(d)(2). ECF No. 75. After reviewing the Motion, the Court finds that the Motion should be **GRANTED**.

### I.    DISCUSSION

In order to recover attorneys' fees, the party seeking such fees must be considered the prevailing party. The prevailing party is the party that succeeds on any significant issue in the litigation and that success provides some benefit that was sought by the party. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007). Here, Defendant Aire Serv is the prevailing party because the relief sought by it was awarded by this Court.

Furthermore, Defendant Aire Serv is entitled to attorneys' fees because the parties entered into an agreement that provides for the award of attorneys' fees. *Chevron Intellectual Prop., LLC v. Allen*, NO.7-08-CV-98-O, 2009 U.S. Dis. LEXIS 74751, at *8 (N.D. Tex. Aug. 24, 2009).

1

"Determination of reasonable attorneys' fees involves a two-step procedure." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995). "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers." *Id.* at 324. Next, "the district court must multiply the reasonable hours by the reasonable hourly rates." *Id.* "The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case." *Id*. The Court's determination of the amount is reviewed for "clear error." *Id*.

In this case, Aire Serv's attorneys' fees are reasonable and were necessary to obtain the favorable judgment, and these fees are supported by the declarations of Jim Dunnam and Margret Minister. *See* ECF No. 75, Ex. A and B. The reasonable value for the time worked on this case are accurately reflected in Exhibits A and B. Additionally, the billable amounts are reasonable. The attorneys that led the trial have decades of combined experience and such experience justifies the hourly rate charged.

The fees that Aire Serv seeks are a reasonable fee under the Lodestar method. None of the hours expended by Defendants attorneys would have been necessary without Williams' breach of contract nor would they have been necessary had Williams abided by his contractual obligations.

## II.    CONCLUSION

Aire Serv and Dwyer's attorneys' fees for this type of case were reasonable and necessary, and Aire Serv counsels' hourly rates are customary for the type of litigation in the Waco Division. Therefore, the Court finds Defendant's Amended Motion for Attorneys' Fees

should be **GRANTED**. Defendant Aire Serv, LLC is entitled to $168,300.75 in attorneys' fees through trial and $50,000.00 in the event that Aire Serv is successful on appeal.

**SIGNED** this 19th day of March 2020.

                              ALAN D ALBRIGHT
                              UNITED STATES DISTRICT JUDGE